**FILED**
CLERK, U.S. DISTRICT COURT

05/17/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
    Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    E-mail:   Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21- 2:21-cr-00236-AB |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MONOPOLY TEXTILE, INC., |
|        v. | |
| MONOPOLY TEXTILE, INC., | |
|     Defendant. | |

    1.   This constitutes the plea agreement between Monopoly Textile, Inc. ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

       a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

1   Court, appear and plead guilty to a single-count information in the
2   form attached to this agreement as Exhibit A or a substantially
3   similar form, in United States v. Monopoly Textile, Inc., which
4   charges defendant with Structuring Transactions in violation of 31
5   U.S.C. § 5324(a)(1).

6           b.   Not contest facts agreed to in this agreement.

7           c.   Abide by all agreements regarding sentencing contained
8   in this agreement and affirmatively recommend to the court that it
9   impose sentence in accordance with paragraph 9 of this agreement.

10          d.   Appear for all court appearances and obey any other
11  ongoing court order in this matter.

12          e.   Not commit any crime; however, offenses that would be
13  excluded for sentencing purposes under United States Sentencing
14  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
15  within the scope of this agreement.

16          f.   Be truthful at all times with the United States
17  Probation and Pretrial Services Office and the Court.

18          g.   Pay the applicable special assessments at or before
19  the time of sentencing unless defendant lacks the ability to pay and
20  prior to sentencing submits a completed financial statement on a form
21  to be provided by the USAO.

22      3.   Defendant further agrees:

23          a.   No later than 14 calendar days prior to the sentencing
24  hearing in this matter, to truthfully to disclose to law enforcement
25  officials, at a date and time to be set by the USAO, the location of,
26  defendant's ownership interest in, and all other information known to
27  defendant about, all monies, properties, and/or assets of any kind,
28  derived from or acquired as a result of, or used to facilitate the

1  commission of, defendant's illegal activities, and to forfeit all
2  right, title, and interest in and to such items, specifically
3  including all right, title, and interest in and to all United States
4  currency, property and assets, in (1) $281,578.00 in bank funds
5  seized from account *****2692 at JP Morgan; (2) $63,464.60 in bank
6  funds seized from account ***5035 at Hanmi Bank; (3) $131,520.00 in
7  bank funds seized from account ****6577 at BBCN Bank; and (4)
8  $2,462,603.00 in U.S. currency (together, the "Forfeitable Assets"),
9  which defendant admits (a) constitute the proceeds of, or were used
10 to facilitate, defendant's illegal activities in violation of 31
11 U.S.C. § 5324(a)(1); and (b) is property involved in defendant's
12 illegal activities in violation of 31 U.S.C. § 5324(a)(1).

13          b.    To the Court's entry of an order of forfeiture at or
14 before sentencing with respect to the Forfeitable Assets and to the
15 forfeiture of the Forfeitable Assets.

16          c.    To take whatever steps are necessary to pass to the
17 United States clear title to the Forfeitable Assets, including,
18 without limitation, the execution of a consent decree of forfeiture
19 and the completing of any other legal documents required for the
20 transfer of title to the United States.

21          d.    Not to contest any administrative forfeiture
22 proceedings or civil judicial proceedings commenced against the
23 Forfeitable Assets pursuant to 31 U.S.C. § 5317 or other relevant
24 statutes.  With respect to any criminal forfeiture ordered as a
25 result of this plea agreement, defendant waives the requirements of
26 Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice
27 of the forfeiture in the charging instrument, announcements of the
28 forfeiture sentencing, and incorporation of the forfeiture in the

1  judgment.  Defendant acknowledges that forfeiture of the Forfeitable

2  Assets is part of the sentence that may be imposed in this case and

3  waives any failure by the Court to advise defendant of this, pursuant

4  to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the

5  Court accepts defendant's guilty pleas.

6          e.    Not to assist any other individual in any effort

7  falsely to contest the forfeiture of the Forfeitable Assets, and to

8  deliver to the undersigned Assistant United States Attorney, at the

9  time of the execution of this Plea Agreement, notarized releases, in

10 the form attached to this agreement as Exhibit B or a substantially

11 similar form, executed by Omid Soiferi, David Souferi, Navid Souferi,

12 and Yaghob Souferi of their rights to contest the forfeiture of the

13 Forfeitable Assets.

14         f.    Not to claim that reasonable cause was lacking to

15 seize the Forfeitable Assets.

16         g.    To prevent the transfer, sale, destruction, or loss of

17 any and all assets described above to the extent defendant has the

18 ability to do so.

19                         THE USAO'S OBLIGATIONS

20    4.    The USAO agrees to:

21         a.    Not contest facts agreed to in this agreement.

22         b.    Abide by all agreements regarding sentencing contained

23 in this agreement and affirmatively recommend to the court that it

24 impose sentence in accordance with paragraph 9 of this agreement.

25         c.    Except for criminal tax violations (including

26 conspiracy to commit such violations chargeable under 18 U.S.C.

27 § 371), not further criminally prosecute defendant for any additional

28 violations known to the USAO at the time of the plea arising out of

1  defendant's conduct described in the agreed-to factual basis set

2  forth in paragraph 8 below or arising out of facts known to the USAO

3  at the time of the plea.  Defendant understands that the USAO is free

4  to criminally prosecute defendant for any other unlawful past conduct

5  or any unlawful conduct that occurs after the date of this agreement.

6  Defendant agrees that at the time of sentencing the Court may

7  consider the uncharged conduct in determining the applicable

8  Sentencing Guidelines range, the propriety and extent of any

9  departure from that range, and the sentence to be imposed after

10 consideration of the Sentencing Guidelines and all other relevant

11 factors under 18 U.S.C. § 3553(a).  The USAO agrees not to criminally

12 prosecute defendant for any United States Customs and Border

13 Protection ("CBP") violations and/or for any unpaid CBP obligations

14 arising out of or related or similar to defendant's conduct described

15 in the agreed-to factual basis set forth in paragraph 8 below, other

16 than the count contained in the Information.  Defendant understands

17 that the USAO is free to criminally prosecute defendant for any other

18 past CBP violations or any CBP violations that occurs after the date

19 of this Agreement.

20                         <u>NATURE OF THE OFFENSES</u>

21     5.   Defendant understands that for defendant to be guilty of

22 the crime charged in the single-count Information, that is,

23 Structuring Transactions in violation of Title 31, United States

24 Code, Section 5324(a)(1), the following must be true:

25          a.   defendant caused several financial institutions,

26 namely BBCN Bank, Hanmi Bank, and JP Morgan Chase, to fail to file

27 reports required under Section 5313(a) of Title 31, specifically,

28 Currency Transaction Reports ("CTRs");

b.    defendant knew of the domestic financial institution's legal requirement to record cash deposits, withdrawals, exchanges of currency, or other payments in currency of more than $10,000; and

c.    the purpose of the structured transactions was to evade that reporting requirement.

<u>PENALTIES</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 31, United States Code, Section 5324(a)(1) is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000.00 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.00.  Defendant agrees to pay the special assessment at or before the time of sentencing.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

1                        FACTUAL BASIS

2        8.   Defendant admits that defendant is, in fact, guilty of the

3   offenses to which defendant is agreeing to plead guilty.  Defendant

4   and the USAO agree to the statement of facts provided below and agree

5   that this statement of facts is sufficient to support a plea of

6   guilty to the charge described in this agreement and to establish the

7   Sentencing Guidelines factors set forth in paragraph 9 below but is

8   not meant to be a complete recitation of all facts relevant to the

9   underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11       Defendant, a Los Angeles-based subchapter S Corporation

12  incorporated in the State of California, admits that the following

13  occurred within the Central District of California:

14       On or about May 4, 2011, through at least on or about August 13,

15  2013, knowing that banks are required to record each cash deposit in

16  excess of $10,000, and in an effort to avoid this requirement,

17  defendant, through its agents and managing members, knowingly

18  structured cash deposits into defendant's business bank accounts

19  designed to fall below the threshold reporting requirement.  In

20  aggregate during this time period, defendant's intentionally

21  structured cash deposits into defendant's business bank accounts

22  exceeded $1,000,000.

23           SENTENCING FACTORS AND AGREED-UPON SENTENCE

24       9.   Defendant understands that in determining defendant's

25  sentence the Court is required to calculate the applicable Sentencing

26  Guidelines range and to consider that range, possible departures

27  under the Sentencing Guidelines, and the other sentencing factors set

28  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

                                 7

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

10.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | [6] | [U.S.S.G. § 2S1.3(a)(2) and (b)(3) - (No Allegation of Illegal Source/Use of Funds)] |
| Acceptance of Responsibility: | [-2] | [U.S.S.G. § 3E1.1(a) - acceptance of responsibility] |
| Total Offense Level: | [4] | |

11.   The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   The parties agree that forfeiture of the Forfeitable Assets, as described in paragraph 3 above, shall be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

8

c.     The right to be represented by counsel – and if necessary have the court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.     The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.     The right to confront and cross-examine witnesses against defendant.

f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.     Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF STATUTE OF LIMITATIONS</u>

15.   Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for that offense prior to the filing of the Information alleging that offense; and (b) any

defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

### WAIVER OF APPEAL OF CONVICTION

16.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.   Defendant agrees that, provided the Court imposes a sentence corresponding to an offense level of 4, defendant gives up the right to appeal any portion of that sentence.

18.   The USAO agrees that, provided the Court imposes the sentence corresponding to an offense level of 4, the USAO gives up its right to appeal any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

1  pursue any charge or any allegation that was either dismissed or not

2  filed as a result of this agreement, then (i) any applicable statute

3  of limitations will be tolled between the date of defendant's signing

4  of this agreement and the filing commencing any such action; and

5  (ii) defendant waives and gives up all defenses based on the statute

6  of limitations, any claim of pre-indictment delay, or any speedy

7  trial claim with respect to any such action, except to the extent

8  that such defenses existed as of the date of defendant's signing this

9  agreement.

10                      EFFECTIVE DATE OF AGREEMENT

11      20.   This agreement is effective upon signature and execution of

12  all required certifications by defendant, defendant's counsel, and an

13  Assistant United States Attorney.

14                        BREACH OF AGREEMENT

15      21.   Defendant agrees that if defendant, at any time after the

16  signature of this agreement and execution of all required

17  certifications by defendant, defendant's counsel, and an Assistant

18  United States Attorney, knowingly violates or fails to perform any of

19  defendant's obligations under this agreement ("a breach"), the USAO

20  may declare this agreement breached.   All of defendant's obligations

21  are material, a single breach of this agreement is sufficient for the

22  USAO to declare a breach, and defendant shall not be deemed to have

23  cured a breach without the express agreement of the USAO in writing.

24  If the USAO declares this agreement breached, and the Court finds

25  such a breach to have occurred, then: (a) if defendant has previously

26  entered guilty pleas pursuant to this agreement, defendant will not

27  be able to withdraw such guilty pleas, (b) the USAO will be relieved

28  of all its obligations under this agreement, and (c) the Court's

1  failure to follow any recommendation or request regarding sentence
2  set forth in this agreement will not provide a basis for defendant to
3  withdraw defendant's guilty pleas.

4      22.   Following the Court's finding of a knowing breach of this
5  agreement by defendant, should the USAO choose to pursue any charge
6  that was either dismissed or not filed as a result of this agreement,
7  then:

8         a.   Defendant agrees that any applicable statute of
9  limitations is tolled between the date of defendant's signing of this
10  agreement and the filing commencing any such action.

11         b.   Defendant waives and gives up all defenses based on
12  the statute of limitations, any claim of pre-indictment delay, or any
13  speedy trial claim with respect to any such action, except to the
14  extent that such defenses existed as of the date of defendant's
15  signing this agreement.

16         c.   Defendant agrees that: (i) any statements made by
17  defendant, under oath, at the guilty plea hearing (if such a hearing
18  occurred prior to the breach); (ii) the agreed to factual basis
19  statement in this agreement; and (iii) any evidence derived from such
20  statements, shall be admissible against defendant in any such action
21  against defendant, and defendant waives and gives up any claim under
22  the United States Constitution, any statute, Rule 410 of the Federal
23  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
24  Procedure, or any other federal rule, that the statements or any
25  evidence derived from the statements should be suppressed or are
26  inadmissible.

27
28

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 8 and 9 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

13

1    25.   Defendant understands that even if the Court ignores any
2  sentencing recommendation, finds facts or reaches conclusions
3  different from those agreed to, and/or imposes any sentence up to the
4  maximum established by statute, defendant cannot, for that reason,
5  withdraw defendant's guilty plea, and defendant will remain bound to
6  fulfill all defendant's obligations under this agreement.   Defendant
7  understands that no one -- not the prosecutor, defendant's attorney,
8  or the Court -- can make a binding prediction or promise regarding
9  the sentence defendant will receive, except that it will be within
10  the statutory maximum.

11                       NO ADDITIONAL AGREEMENTS
12    26.   Defendant understands that, except as set forth herein,
13  there are no promises, understandings, or agreements between the USAO
14  and defendant or defendant's attorney, and that no additional
15  promise, understanding, or agreement may be entered into unless in a
16  writing signed by all parties or on the record in court.

14

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          27.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

6     AGREED AND ACCEPTED

7     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
8     CALIFORNIA

9     TRACY L. WILKISON
10    Acting United States Attorney

12    _D. Boyle_____          4.26.2021
      DAN G. BOYLE                        Date
13    Assistant United States Attorney

14    _Omid Souferi_____            9-5-21
      OMID SOUFERI                        Date
15    Authorized Agent,
      MONOPOLY TEXTILE, INC.

16    _Robert S. Horwitz_____            April 15, 2021
      ROBERT S. HORWITZ                   Date
17    EDWARD M. ROBBINS
      Attorneys for Defendant
18    MONOPOLY TEXTILE, INC.

19    //

20    //

15

1

2                    CERTIFICATION OF DEFENDANT

3       I am the authorized agent for Monopoly Textile, Inc.

4  ("Monopoly"), and I have authority to sign and bind Monopoly.  On

5  behalf of Monopoly, I certify the following:

6       I have read this agreement in its entirety.  I have had enough

7  time to review and consider this agreement, and I have carefully and

8  thoroughly discussed every part of it with my attorneys.  I

9  understand the terms of this agreement, and I voluntarily agree to

10 those terms.  I have discussed the evidence with my attorneys, and my

11 attorneys have advised me of my rights, of possible pretrial motions

12 that might be filed, of possible defenses that might be asserted

13 either prior to or at trial, of the sentencing factors set forth in

14 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

15 and of the consequences of entering into this agreement.  No

16 promises, inducements, or representations of any kind have been made

17 to me other than those contained in this agreement.  No one has

18 threatened or forced me in any way to enter into this agreement.  I

19 am satisfied with the representation of my attorneys in this matter,

20 and I am pleading guilty because Monopoly is guilty of the charges

21 and wishes to take advantage of the promises set forth in this

22 agreement, and not for any other reason.

23

24 _____          4-5-21
   OMID SOUFERI                        Date
25 Authorized Agent,
   MONOPOLY TEXTILE, INC.

26 //

27 //

28

                              16

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2    I am one of Monopoly Textile, Inc.'s, attorneys.  I have

3  carefully and thoroughly discussed every part of this agreement with

4  my client.  Further, I have fully advised my client of its rights, of

5  possible pretrial motions that might be filed, of possible defenses

6  that might be asserted either prior to or at trial, of the sentencing

7  factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8  Guidelines provisions, and of the consequences of entering into this

9  agreement.  To my knowledge: no promises, inducements, or

10  representations of any kind have been made to my client other than

11  those contained in this agreement; no one has threatened or forced my

12  client in any way to enter into this agreement; my client's decision

13  to enter into this agreement is an informed and voluntary one; and

14  the factual basis set forth in this agreement is sufficient to

15  support my client's entry of guilty pleas pursuant to this agreement.

16

17  _____        _____
    ROBERT S. HORWITZ                      Date

18  EDWARD M. ROBBINS
    Attorneys for Defendant

19  MONOPOLY TEXTILE, INC.

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

| UNITED STATES OF AMERICA, | CR No. |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [31 U.S.C. § 5324(a)(1): Structuring Transactions] |
| MONOPOLY TEXTILE, INC, | |
| Defendant. | |

10

11

12

13

14

15        The United States Attorney charges:

16                    [31 U.S.C. § 5324(a)(1)]

17        On or about May 4, 2011, through on or about August 13, 2013,

18   within the Central District of California, and elsewhere, defendant

19   MONOPOLY TEXTILE, INC., knowingly, and for the purpose of evading the

20   reporting requirements of Section 5313(a) of Title 31, United States

21   Code, and the regulations promulgated thereunder, caused domestic

22   financial institutions, including BBCN Bank, Hanmi Bank, and JP

23   Morgan Chase, to fail to file reports

24   //

25   //

26   //

27

28

required under Section 5313(a) of Title 31, specifically, Currency Transaction Reports, by structuring at least $1,000,000 during that period.

TRACY L. WILKISON
Acting United States Attorney

_____
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section

**EXHIBIT B**

WAIVER AND RELEASE OF CLAIMS TO CONTEST FORFEITURE

I.    INTRODUCTION

1.    MONOPOLY TEXTILE, INC. ("Defendant"), through its authorized agent, has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

2.    Defendant is an entity registered to do business with the California Secretary of State.

3.    Omid Souferi, David Souferi, Navid Souferi, and Yaghob Souferi are officers, members, authorized agents, or associates of Defendant.

4.    Defendant has agreed to forfeit to the United States of America the following items (collectively, the "Forfeitable Assets"):

        a.    $281,578.00 in bank funds seized from JP Morgan Chase Bank account ending '2692;

        b.    $63,464.60 in bank funds seized from Hanmi Bank account ending '5035;

        c.    $131,520.00 in bank funds seized from BBCN Bank account ending '6577; and

        d.    $2,462,603.00 in U.S. currency.

//

//

//

II.   <u>WAIVER AND RELEASE BY OMID SOUFERI</u>

Omid Souferi ("O. Souferi"), on behalf of himself and any entity in which he has held an ownership interest or has served as an officer, director, manager, partner, trustee or other representative hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Assets, including any applicable notice to which he would be entitled and all rights to judicial review of the forfeiture of the Forfeitable Assets.  In addition, O. Souferi agrees to take all steps necessary to pass to the United States of America clear title to the Forfeitable Assets.  To the extent that O. Souferi has already filed one or more claims to contest the administrative or judicial forfeiture of the Forfeitable Assets, or has submitted a petition for remission relative to the Forfeitable Assets, this Waiver and Release constitutes a complete withdrawal of such claims or petitions for remission, and O. Souferi agrees and understands that the Forfeitable Assets shall be administratively or judicially forfeited to the United States of America without any further notice.

_____          _____
Omid Souferi                                                 DATE  4-15-21

//

//

//

III. WAIVER AND RELEASE BY NAVID SOUFERI

Navid Souferi ("N. Souferi"), on behalf of himself and any entity in which he has held an ownership interest or has served as an officer, director, manager, partner, trustee or other representative hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Assets, including any applicable notice to which he would be entitled and all rights to judicial review of the forfeiture of the Forfeitable Assets. In addition, N. Souferi agrees to take all steps necessary to pass to the United States of America clear title to the Forfeitable Assets. To the extent that N. Souferi has already filed one or more claims to contest the administrative or judicial forfeiture of the Forfeitable Assets, or has submitted a petition for remission relative to the Forfeitable Assets, this Waiver and Release constitutes a complete withdrawal of such claims or petitions for remission, and N. Souferi agrees and understands that the Forfeitable Assets shall be administratively or judicially forfeited to the United States of America without any further notice.

_____          4/9, 2021.
Navid Souferi                            DATE

//

//

//

IV.   WAIVER AND RELEASE BY DAVID SOUFERI

David Souferi ("D. Souferi"), on behalf of himself and any entity in which he has held an ownership interest or has served as an officer, director, manager, partner, trustee or other representative hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the Forfeitable Assets, including any applicable notice to which he would be entitled and all rights to judicial review of the forfeiture of the Forfeitable Assets.  In addition, D. Souferi agrees to take all steps necessary to pass to the United States of America clear title to the Forfeitable Assets.  To the extent that D. Souferi has already filed one or more claims to contest the administrative or judicial forfeiture of the Forfeitable Assets, or has submitted a petition for remission relative to the Forfeitable Assets, this Waiver and Release constitutes a complete withdrawal of such claims or petitions for remission, and D. Souferi agrees and understands that the Forfeitable Assets shall be administratively or judicially forfeited to the United States of America without any further notice.

_____          4-5-2021
David Souferi                    DATE

//

//

//

24

1

2  V.    WAIVER AND RELEASE BY YAGHOB SOUFERI

3          Yaghob Souferi ("Y. Souferi"), on behalf of himself and any

4  entity in which he has held an ownership interest or has served as an

5  officer, director, manager, partner, trustee or other representative

6  hereby knowingly, voluntarily, and intelligently waives,

7  relinquishes, and surrenders all rights to contest the forfeiture of

8  the Forfeitable Assets, including any applicable notice to which he

9  would be entitled and all rights to judicial review of the forfeiture

10 of the Forfeitable Assets.  In addition, Y. Souferi agrees to take

11 all steps necessary to pass to the United States of America clear

12 title to the Forfeitable Assets.  To the extent that Y. Souferi has

13 already filed one or more claims to contest the administrative or

14 judicial forfeiture of the Forfeitable Assets, or has submitted a

15 petition for remission relative to the Forfeitable Assets, this

16 Waiver and Release constitutes a complete withdrawal of such claims

17 or petitions for remission, and Y. Souferi agrees and understands

18 that the Forfeitable Assets shall be administratively or judicially

19 forfeited to the United States of America without any further notice.

20

21

22 Yaghob Souferi                          DATE

23

24

25

26

27

28